

**U.S. Department of Justice**

United States Attorney
District of Maryland
Northern Division

Rod J. Rosenstein
United States Attorney

Peter J. Martinez
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4984
MAIN: 410-209-4800
FAX: 410-962-3091
TTY/TDD: 410-962-4462

March 28, 2013

Deborah Boardman, Esq.
Office of the Federal Public Defender
 for the District of Maryland
100 South Charles Street
Bank of America Tower II, Ninth Floor
Baltimore, MD 21201

Re: Plea Agreement in the Case of
United States v. James Lorelle Skinner,
Criminal No. JFM-13-003

Dear Ms. Boardman:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by **April 4, 2013**, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to Count One of the Indictment now pending against him; namely, Unlawful Possession of a Short-Barreled Shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a. That the Defendant knowingly possessed a firearm as defined by 26 U.S.C. § 5845(a);

    b. That the firearm possessed by the Defendant was a shotgun having

        a barrel of less than 18 inches in length;

    c.    That the Defendant knew that the firearm he possessed was a short-barreled shotgun, i.e., a shotgun having a barrel of less than 18 inches in length;

    d.    That the firearm possessed by the Defendant was (or could readily have been put) in operating condition; and

    e.    That the firearm possessed by the Defendant was not registered to him in the National Firearms Registration and Transfer Record.

### Penalties

3.     The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: a term of 10 years imprisonment, followed by three years of supervised release, and a fine of $10,000. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. The Court may also order the Defendant to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Forfeiture of Firearm

4.     The Defendant understands and agrees that as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm. He forfeits all right, title, and interest in the following firearm:

    Stevens Model 77C, 20 gauge, pump action shotgun, with a barrel approximately 15 1/8 inches in length.

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

## Waiver of Rights

5. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

### Advisory Sentencing Guidelines Apply ("C" Plea)

  6. The Parties stipulate and agree pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the sentence outlined in paragraph 9 is an appropriate disposition of the case. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

  7. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts, which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

    a. Statement of Facts

  On November 8, 2012, officers of the Trappe, Maryland Police Department; the Cambridge, Maryland Police Department; and the Maryland State Police seized an unregistered, short-barreled shotgun from a vehicle in which the Defendant and three other passengers were traveling. The officers were responding to a reported burglary in progress, involving what they believed was an armed perpetrator, at an apartment complex located at 3879 Ocean Gateway in Trappe, MD. As the first officer arrived at the scene, he learned from the 911 dispatcher that the suspect vehicle, which matched the description of the vehicle in which the Defendant was traveling, was leaving the property.

  The officer stopped the vehicle in which the Defendant was traveling and, as he waited for backup to arrive, he observed the Defendant making furtive movements in the rear left seat. When backup arrived, the officer ordered all four passengers out of the vehicle. He then went inside the apartment complex to interview the woman who had called 911 regarding the burglary.

  The woman told the officer that she called 911 because the Defendant had arrived at her apartment demanding to see a man named Nathan White. The woman explained that while the Defendant was standing outside her door, she heard him say something about a gun or guns. The woman further explained that she refused to let the Defendant into her apartment, after which the Defendant walked around the side of her building, carrying what the woman believed was a gun, and knocked on her window.

-4-

The officer then returned to the vehicle in which the Defendant and the other passengers had attempted to leave the property. When the officer returned to the vehicle, he learned that another officer had observed a short-barreled shotgun in plain view on the floor of the rear left seat. The officer seized the shotgun and placed the Defendant under arrest.

After placing the Defendant under arrest, the officer interviewed the three other passengers who were riding with the Defendant in the vehicle. Each passenger signed a written Miranda waiver form, and each provided a written statement explaining that (i) the Defendant had obtained the shotgun earlier that afternoon; (ii) the Defendant asked to be driven to the apartment complex so that he could find and confront Nathan White; and (iii) upon arriving at the apartment complex, the Defendant exited the vehicle, carrying the shotgun, and went to look for White.

The shotgun that the Defendant possessed was a Stevens Model 77C, 20 gauge, pump action shotgun with a barrel approximately 15 1/8 inches in length. The shotgun was operable and capable of firing, and its butt/grip area was wrapped in red and black electrical tape. The shotgun was not registered to the Defendant in the National Firearms Registration and Transfer Record.

b. Guideline Stipulations

The parties stipulate and agree that the **base offense level for Count One is 18** pursuant to U.S.S.G. § 2K2.1(a)(5) because the Defendant possessed a firearm as defined in 26 U.S.C. § 5845(a), i.e., a shotgun having a barrel of less than 18 inches in length. The parties further stipulate and agree that this base offense level must be **increased by four points** pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because the Defendant used or possessed the firearm in question with knowledge, intent, or reason to believe that it would used or possessed in connection with another felony offense.

c. Acceptance of Responsibility

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office will also agree to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level reduction. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. Based on the foregoing, the Defendant's **adjusted offense level is 19.**

8. The Defendant understands that there is no agreement as to his criminal

history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant conduct was part of a pattern of criminal conduct from which he derived a substantial portion of his income.

### Rule 11(c)(1)(C) Plea

9. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of imprisonment of **30 months incarceration in the custody of the Bureau of Prisons followed by 3 years of supervised release** is the appropriate disposition in this case. This agreement does not affect the Court's discretion to impose any fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

10. At the time of sentencing, this Office will recommend a sentence of 30 months imprisonment.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Waiver of Appeal

12. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a) The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b) The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any sentence above 30 months imprisonment; and (ii) this Office reserves the right to appeal any sentence below 30 months

imprisonment.

c) Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

13. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

14. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, along with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Peter J. Martinez
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

4/1/13
Date

_____
James Lorelle Skinner

I am Mr. Skinner's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

4/1/13
Date

_____
Deborah L. Boardman, Esq.